UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
MENORA MIVTACHIM INSURANCE LTD., :
: Civil Action No. 12-5189
: (RMB/KMW)
Plaintiff, :
: **MEMORANDUM ORDER**
v. :
NEW CENTURY TRANSPORTATION, :
INC., :
:
Defendant. :
_____:

This matter comes before the Court upon a motion for summary judgment by Defendant New Century Transportation, Inc. ("New Century") [Docket No. 23]. For the reasons that follow, summary judgment is denied in part and granted in part.

Plaintiff Menora Mivtachim Insurance Ltd. ("Plaintiff") brought this action as the subrogee of Teva Pharmaceuticals Industries Ltd. and/or Teva Pharmaceuticals, USA ("Teva"). Plaintiff was the insurer of certain shipments of injectable pharmaceuticals that were shipped from Teva's facility in North Wales, Pennsylvania in March 2010. The pharmaceuticals were loaded into a tractor with a refrigerated trailer for delivery by New Century. The parties do not dispute that the pharmaceuticals were to be stored at temperatures ranging between 36ºF and 46ºF during transport. While en route, a sensor fault code in the

trailer activated. Teva gave New Century permission to break the seal on the trailer to determine whether the refrigerated unit was functioning. (See New Century's 56.1 Statement, Docket No. 23-4 ¶ 45). "The trailer doors were opened for a very short time, and it was ascertained that the sensor was not working properly." Id. No testing of the pharmaceuticals was ever done.

Summary Judgment

A. Argument

New Century moves for summary judgment on several grounds. With respect to Count I (the Carmack Amendment), New Century argues that Plaintiff has failed to prove (1) the good condition of the pharmaceuticals at the time of shipment; and (2) that the pharmaceuticals were damaged. Alternatively, if summary judgment on these grounds is denied, New Century argues that any recovery by Plaintiff must be limited. New Century has also moved for summary judgment as to the negligence (Count I), breach of contract (Count I) and breach of bailment claims (Count II) because they are preempted as a matter of law by the Carmack Amendment. Because Plaintiff does not dispute this preemption mandate, Defendant's motion will be granted as to these claims.

The Carmack Amendment, 49 United States Code Section 20(11), governs the liability of common carriers on bills of lading. The Paper Magic Group, Inc. v. J.B. Hunt Transport, Inc., 318 F.3d 458 (3d Cir. 2003). A bill of lading is a transportation

contract between a shipper/consignor (i.e., a seller of goods) and a carrier. Id.; EF Operating Corp. v. Am. Bldgs., 993 F.2d 1046, 1050 (3d Cir. 1993). To establish a prima facie case against a carrier under the Carmack Amendment, a shipper must prove "(1) delivery of goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) amount of the damages." Beta Spawn, Inc. v. FFE Trans. Serv., Inc., 250 F.3d 218, 223 (3d Cir. 2001)(citation omitted). In addition, and in relevant part, liability under the Carmack Amendment may be limited if the carrier gives the shipper a reasonable opportunity to choose between two or more rates with corresponding levels of liability. Emerson Elec. Supply Co. v. Estes Express Lines Corp., 451 F.3d 179, 187 (3d Cir. 2006).

B.  Standard

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." Id. When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence: all reasonable "inferences, doubts, and issues of

credibility should be resolved against the moving party." Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The non-movant's burden is rigorous: it "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatte v. N.J. State Police, 71 F.3d 480, 484 (3d Cir. 1995); Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010)(citing Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009)) ("[S]peculation and conjecture may not defeat summary judgment.").

C. <u>Analysis</u>

Construing all reasonable inferences in favor of Plaintiff, see Meyer, 720 F.2d at 307 n.2 (3d Cir.1983), the Court agrees with Plaintiff that proof of a temperature malfunction creates an

issue of fact for the jury to determine whether or not the pharmaceutical goods were damaged. A jury could readily find that even in the absence of product testing - a fact relied on by New Century - Teva acted reasonably in not selling the product because they were rendered unsafe, i.e., damaged, by faulty storage. As stated in the Declaration of Joseph J. Boyce, "in the face of this temperature data, Teva could no longer assure its customer or the ultimate end users of the pharmaceuticals that the product had been consistently stored in the acceptable temperature range and remained unadulterated, so it could no longer be sold or used." [Docket No. 27-2, ¶ 12.][1] Because the Court finds that this presents a genuine issue of material fact, the Court need not address the remaining arguments regarding Teva's prima facie case.

New Century next argues that even if summary judgment is not appropriate, its liability should be limited under the Carmack Amendment. The central dispute focuses on whether or not Teva was given a reasonable opportunity to choose between one or more levels of liability. Defendant argues that Teva was given such opportunity because Joseph Boyce, Teva's Senior Manager, Logistics, confirmed that the parties had discussed differing

---

[1] New Century initially pointed to an email regarding Copaxone's potential usability despite the alleged temperature fluctuations. Apparently, the parties have now clarified that Copaxone was not included in the shipment.

limitations of liability: the Tariff-based limitation in the New Century Rules Tariff and the limitation being negotiated for the master contract with New Century at the time of the loss. Related to this argument New Century also contends that the parties' long course of dealing demonstrates that Teva was well aware of differing levels of coverage. New Century also argues that the bill of lading itself provided an opportunity to select a higher limit of liability, but the section was left blank.

Defendant's arguments, however, are unpersuasive. First, as Plaintiff argues, a reasonable inference suggests that Teva had rejected New Century's Tariff, as evidenced by the parties' continued negotiations and the higher freight rate Teva actually paid for the shipment. Second, the bill of lading contained no rates on its face and makes no reference to any document containing two or more levels of liability. In sum, on the disputed record before the Court, New Century has not established that it is entitled to a limitation of its liability.

Accordingly, for the above reasons;

IT IS ON THIS **11th** day of **February 2014**, **ORDERED that** Defendant's motion for summary judgment as to Count I (Carmack Amendment) and to the limitation of liability is **DENIED**; and

IT IS FURTHER **ORDERED** that Defendant's motion for summary judgment as to the remaining counts sounding in negligence,

breach of contract, and breach of bailment is hereby **GRANTED** as unopposed.

                                             s/Renée Marie Bumb
                                             **RENÉE MARIE BUMB**
                                             **United States District Judge**